UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOVEREIGN O'DELL,

      Plaintiff,

v.

HOPE NETWORK WEST
MICHIGAN/MICHIGAN EDUCATION
CORPS and CHESTER SPELLMAN,
Director of Corporation for National
and Community Service/AmeriCorps.,

      Defendants.
_____/

Case No. 20-11192

Paul D. Borman
United States District Judge

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT HOPE NETWORK WEST MICHIGAN d/b/a MICHIGAN EDUCATION CORPS' UNOPPOSED MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT IN LIEU OF ANSWER (ECF NO. 7)**

This is an employment discrimination case arising out of Plaintiff Sovereign O'Dell's employment in the Flint Community Schools as a tutor during the 2016-2017 school year. Now before the Court is Defendant Hope Network West Michigan d/b/a Michigan Education Corps' Motion for Partial Dismissal in Lieu of an Answer (ECF No. 7). Plaintiff has not filed a response opposing the motion. The Court does not believe oral argument will aid in its disposition of the unopposed motion; therefore, it is dispensing with oral argument pursuant to Eastern District of

1

Michigan Local Rule 7.1(f)(2). For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion for Partial Dismissal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Plaintiff's Employment as an Elementary Literacy Tutor

Defendant Hope Network West Michigan is a private, non-profit organization which does business as the Michigan Education Corps ("MEC"). (ECF No. 1, Plaintiff's Complaint ("Compl.") ¶¶ 5, 14, PgID 2-4.) MEC was granted funding by AmeriCorps to implement the Minnesota Reading Corps program in Michigan schools by, in relevant part, identifying literacy tutors to be placed in preschool and elementary school sites where they would serve during the school year. (*Id.* ¶¶ 16, 19, PgID 4-5.) MEC provided literacy tutors for the Flint Community School District ("FCSD") for the 2016-2017 and 2017-2018 school years. (*Id.* ¶ 19.) MEC states that it is undisputed that it was always the exclusive provider of elementary literacy tutors for the FCSD during this time period. (*See* Compl. ¶¶ 16, 19, 20, 23, 24, 26, PgID 4-7.)

Plaintiff Sovereign O'Dell responded to an advertisement by MEC for the 2016-2017 school year, and she was subsequently offered a position as an Elementary Literacy Tutor ("ELT") with the FCSD. (Compl. ¶¶ 20, 23, PgID 5-6.) Plaintiff accepted a contract on behalf of MEC to serve as a literacy tutor for the

2

2016-2017 school year in the FCSD, and was assigned to Potter Elementary, a school within the FCSD. (*Id.* ¶¶ 23-24.) During this time period, Plaintiff alleges that she was treated unlawfully and unfairly by Holly Selesky, who Plaintiff describes as an AmeriCorps volunteer serving in the capacity of Internal Coach to the K-3 AmeriCorps member tutors. (*Id.* ¶¶ 24, 28-41, 45-57, 71, 79, PgID 6-19, 21, 23.) Plaintiff states that Selesky was directly under the supervision and control of MEC's employees and that her job duties were governed by MEC's policies and procedures. (*Id.* ¶¶ 25-26, PgID 7.) Plaintiff recognizes that MEC worked together with FCSD in the grant-funded tutor program at "Defendants' assigned school facility, Potter Elementary School in Flint, Michigan." (*Id.* ¶¶ 13, 18-19, 70, 86, PgID 4-5, 21, 24.) (See also ECF No. 7-3, Site Agreement.)

Plaintiff alleges that her contract at Potter Elementary was terminated on November 4, 2016 because of Selesky's unlawful, discriminatory actions. (Compl. ¶ 56, PgID 19.) Plaintiff further alleges that because of "material misrepresentations" made by Selesky about Plaintiff, Plaintiff was precluded from working at any school within the FCSD, in surrounding counties, or in any other AmeriCorps program. (*Id.* ¶ 57, PgID 19.) Finally, Plaintiff alleges that on May 24, 2019, she was informed that she was not selected for an ELT position "due to an email she allegedly sent on January 10, 2017." (*Id.* ¶ 58, PgID 19.)

3

### B. Plaintiff's Prior Related Litigation

Plaintiff previously filed two lawsuits in state court related to her employment as an ELT in the FCSD during the 2016/2017 school year, prior to the filing of this action.

### 1. 2016 Genesee County District Court Litigation – Removed to this Court and Then Remanded

Plaintiff, proceeding pro se, first initiated litigation against Holly Selesky on November 10, 2016, in a fourteen-count Complaint filed in Genesee County District Court (Case No. G16-G7285-GC), alleging both state and federal law claims, including claims for discrimination under Title VII of the Civil Rights Act ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), as well as federal constitutional law claims and state law tort claims. On December 16, 2016, Selesky removed that litigation to this Court based on federal question jurisdiction. (*O'Dell v. Selesky*, Case No. 16-14378 (E.D. Mich.), ECF No. 1, Notice of Removal.) Plaintiff's 2016 complaint in that case is based on the **same** facts and circumstances as the Complaint in this case. (Compare ECF No. 1 with Case No. 16-14378, ECF No. 1-1, Complaint (also attached as Ex. 3 to Defendant's motion, ECF No. 7-4, PgID 103-33.).) In both complaints, Plaintiff alleges that Selesky engaged in unlawful conduct stemming from Plaintiff's

4

employment as an ELT, where she was placed by MEC in the FCSD. (See generally ECF No. 1, and Case No. 16-14378, ECF No. 1-1, Complaint.)

After the case was removed to federal court, Plaintiff withdrew her federal claims, and on September 7, 2017, this Court remanded the litigation to Genesee County District Court to resolve Plaintiff's state law claims. (Case No. 16-14378, ECF Nos. 28 - 31.) After over three years of litigation, Selesky and Plaintiff, at that time represented by counsel (the same counsel representing Plaintiff in this current litigation),[1] reached a settlement. Plaintiff, her counsel, and counsel for defendant executed a settlement agreement and release, entered into a voluntary stipulation to dismiss Plaintiff's complaint, and the dismissal was entered by the Genesee County District Court on November 21, 2019. (ECF No. 7-2, Settlement Agreement and Release, PgID 66-68) (ECF No. 7-5, Genesee County District Court docket report, PgID 143.)

### 2. 2019 Genesee County District Court Litigation

Less than one month later, on December 18, 2019, Plaintiff filed a second lawsuit against Selesky. (ECF No. 7-6, Case No. C19-8844-GD, Complaint.) In that

---

[1] According to Plaintiff's second state court complaint in Case No. C19-8844-GD, although Plaintiff initially proceeded pro se in this first litigation, she "became represented by counsel [Mr. Burg]" in that litigation "on February 19, 2019." (ECF No. 7-6, Complaint ¶ 8, PgID 147.)

5

action, Plaintiff complained that Selesky failed to timely tender payment of the settlement amount as agreed, and alleged three counts: breach of contract, fraudulent inducement, and fraud through misrepresentation. (*Id.*) Plaintiff attached, as an exhibit to her complaint, a section of the Settlement Agreement and Release which she was seeking to enforce. (*Id.*) That Settlement Agreement and Release provides, in pertinent part:

> I, the undersigned, Sovereign O'dell [sic], for myself, my heirs, administrators, executors successors and assigns, for and in consideration of the payment of the sum of Ten Thousand and no/100 Dollars ($10,000), the receipt of which is hereby acknowledged, do hereby RELEASE AND FOREVER discharge Holly Selesky, her heirs, administrators, executors, successors, assigns, and insurers and indemnitors, ***and Flint Community Schools, as well as its subsidiaries, employees and agents, and its insurers and indemnitors, hereinafter sometimes referred to as the Released Parties***, and without exception, except as herein excluded, of and from any and all claims, demands, rights or causes of action whatsoever kind or nature, ***arising out of my hiring, treatment, termination or any interaction in any way concerning my service as an Elementary Literacy Tutor for the 2016/2017 school year at Potter Elementary School of Flint Community Schools***, which I have ever had or may now have or may hereafter have, whether now known or unknown, foreseen or unforeseen, arising from or by reason of or in any way connected with any and all claims of discrimination of any type, along with any and all injuries, losses damages, disability, expenses, suffering or the result thereof, which heretofore has been or hereafter may be sustained by me.

(ECF No. 7-6 (Ex. 5 to Def.'s Motion), and Pl's Ex. 2 thereto, capitalization in original, emphases added.)

Selesky filed a Motion for Summary Disposition in that case, arguing that the complaint should be dismissed, at least in part, given the integrated Settlement Agreement and Release signed by Plaintiff that was not conditioned upon receipt of the settlement check within 14 days. Selesky attached a complete copy of the parties' Settlement Agreement and Release as an exhibit to that motion. (ECF No. 7-7 (Ex. 6 to Def.'s Motion), PgID 166-68.) The Genesee County District Court heard oral argument on the motion, and on February 21, 2020, granted Selesky's Motion for Summary Disposition "for the reasons set forth on the record." (ECF No. 7-8, 2/21/20 Order in Case No. C19G-8844-GC.)

### C. Plaintiff's Complaint in This Case

On May 12, 2020, Plaintiff filed her Complaint in this action against Defendants MEC and Chester Spellman, Director of Corporation for National and Community Service/AmeriCorps.[2] (ECF No. 1, Compl.) Plaintiff alleges the following claims:

- Count I: Violation of Title VII, Race and Color Discrimination (Compl. ¶¶ 59-66, PgID 20-21);

- Count II: Violation of the ADA (Compl. ¶¶ 67-76, PgID 21-22);

---

[2] A summons was issued for Defendant Spellman on May 26, 2020 (ECF No. 5), but he has not been served in this case.

7

- Count III: Violation of the ELCRA, Hostile Work Environment and Discharge (Compl. ¶¶ 77-84, PgID 22-24);

- Count IV: Violation of the Michigan PWDCRA (Compl. ¶¶ 85-91, PgID 24-25);

- Count V: Retaliation for Opposing Violations of Title VII (Compl. ¶¶ 92-95, PgID 25-26);

- Count VI: Retaliation for Opposing Violations of ELCRA (Compl. ¶¶ 96-99, PgID 26); and

- Count VII: Retaliation for Opposing Violations of ADA (Compl. ¶¶ 100-03, PgID 27).

Counts I-IV allege violations for MEC's alleged conduct during the 2016-17 school year. (Compl. ¶¶ 59-91, PgID 20-25.) However, Count I also alleges, in part, discrimination in the decision "to deny Plaintiff a position in 2019" and in denying Plaintiff "a prospective job[.]" (Compl. ¶¶ 61-62, PgID 20.) Counts V-VII allege retaliation by failing to give Plaintiff a position as an ELT on May 24, 2019, "due to an email she allegedly sent on January 10, 2017." (Compl. ¶¶ 58, 92-103, PgID 19, 25-27.)

### D.  Defendant MEC's Motion to Dismiss (ECF No. 7)

On October 8, 2020, Defendant MEC filed a Motion for Partial Dismissal of Plaintiff's Complaint in Lieu of an Answer in this case. (ECF No. 7, Def.'s Mot.) MEC argues that Plaintiff's claims against it in Counts I-IV are barred by the

November 21, 2019 Settlement Agreement and Release because MEC was FCSD's agent for purposes of placing ELTs, including Plaintiff, within the District, and thus is included in the "Released Parties." (*Id.* at pp. 8-14, PgID 53-59.) MEC further argues that Plaintiff is judicially estopped from arguing that the Settlement Agreement and Release is unenforceable because she has sued for its enforcement. (*Id.* at pp. 14-16, PgID 59-61.) MEC accordingly requests that the Court dismiss Counts I-IV of Plaintiff's Complaint.

Plaintiff has failed to respond to Defendant MEC's motion, and the motion therefore is unopposed.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. To state a claim, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he complaint 'does not need detailed factual allegations' but should identify 'more than labels and conclusions.'" *Casias v. Wal–Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its

9

allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012). The court "need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference." *Id.* at 539 (internal citations and quotation marks omitted); *see also Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). In other words, a plaintiff must provide more than a "formulaic recitation of the elements of a cause of action" and his or her "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. The Sixth Circuit has explained that "[t]o survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability. The facts cannot make it merely possible that the defendant is liable; they must make it plausible." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). It is the defendant who "has the burden of showing that the plaintiff has failed to state a claim for relief." *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015).

In ruling on a motion to dismiss, the Court may consider the complaint as well as: (1) documents that are referenced in the plaintiff's complaint and that are central to plaintiff's claims; (2) matters of which a court may take judicial notice; (3)

documents that are a matter of public record; and (4) letters that constitute decisions of a governmental agency. *Thomas v. Noder-Love*, 621 F. App'x 825, 829 (6th Cir. 2015) ("Documents outside of the pleadings that may typically be incorporated without converting the motion to dismiss into a motion for summary judgment are public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies.") (internal quotation marks and citations omitted); *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001) ("We have taken a liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6). If referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings…. [C]ourts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies."); *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (finding that documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed to form a part of the pleadings). Where the claims rely on the existence of a written agreement, and plaintiff fails to attach the written instrument, "the defendant may introduce the pertinent exhibit," which is then considered part of the pleadings. *QQC, Inc. v. Hewlett-Packard Co.*, 258 F.Supp.2d 718, 721 (E.D. Mich. 2003). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by

failing to attach a dispositive document." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002).

### III.  ANALYSIS

**A.     Plaintiff's Failure to Respond to Defendant's Motion to Dismiss Waives Any Argument in Opposition to Defendant's Motion**

Plaintiff's failure to respond to Defendant's Motion to Dismiss, as required by E.D. Mich. L.R. 7.1(c)(1) and 7.1(e)(1)(B), amounts to a waiver of any argument in opposition to Defendant's motion. *Humphrey v. U.S. Att'y Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.") (internal quotation marks and citation omitted). The Court is still required, however, to analyze the sufficiency of the allegations of the Complaint, which are accepted as true at this stage of the proceedings, when considering Defendant's unopposed motion to dismiss the Complaint. *See Bangura v. Hansen*, 434 F.3d 487, 497 (6th Cir. 2006) (finding an abuse of discretion where the district court dismissed plaintiff's claims without undertaking an independent review of the sufficiency of the pleadings solely because plaintiff failed to respond to a motion to dismiss). *See also Brunning v. Nationstar Mortg., LLC*, No. 15-cv-10587, 2015 WL 4394258, at *3 (E.D. Mich. July 16, 2015) (finding plaintiff's

failure to respond to defendants' motion to dismiss a waiver of opposition to the motion, addressing the adequacy of the complaint without benefit of response, and granting the unopposed motion to dismiss for failure to state a claim).The Court will therefore conduct an independent review of the allegation of the Complaint in light of Defendant's motion.

### B. MEC is FCSD's Agent for Placement of ELTs, including Plaintiff, Within the School District

MEC argues that it was FCSD's agent for purposes of the placement of Elementary Literacy Tutors, including Plaintiff, within the District. (Def.'s Mot. at p. 8, PgID 53.) MEC states that Plaintiff "sprinkles references [in her Complaint] to the business relationship that existed between MEC and FCS[D] and which governed her position as an ELT[.]" (*Id.*, citing Compl. ¶¶ 16-19, 25-27, 31, 56, 70, 86.) Indeed, Plaintiff refers to MEC as the "grantee" and FCSD as the "subgrantee" of the "grant-funded program, and that she "was offered by and accepted … on behalf of Defendant Hope Network [MEC] to serve as an AmeriCorps member in the capacity of K-3 Literacy Tutor" and "assigned to Potter Elementary" in the FCSD. (Compl. ¶¶ 18, 23, 24, PgID 5-6.)

MEC explains that it entered into a Site Agreement with FCSD which defined the relationship between the two entities, and "to which Plaintiff apparently is impliedly referring" in her Complaint. (Def.'s Mot. at p. 8, PgID 53, citing Ex. 2,

13

ECF No. 7-3, Site Agreement, PgID 70-94.)[3] The Site Agreement provides that MEC "identifies literacy tutors that will be placed in preschool and elementary school sites," and expressly defines MEC as the "fiscal host or agent" for the program and the "school partnering with [MEC] is referred to as a site." (Site Agreement at pp. 2, 4, PgID 71, 73.) The Agreement states that MEC is responsible for providing management and oversight, which includes tutor and site management, interviewing, candidate selection, background checks, data management, site visits, and monitoring the program requirements, among other responsibilities. (*Id.* pp. 15-16, PgID 84-85.) Defendant explains that the Site Agreement "clearly demonstrates MEC's intimate involvement with the program at FCS[D]." (Def.'s Mot. at p. 9,

---

[3] MEC relies on the terms of the prior Settlement Agreement and Release executed by Plaintiff, and the Site Agreement between MEC and FCSC, in its Motion to Dismiss, and argues that the Court may consider both of these documents, without converting this motion into a motion for summary judgment. (Def.'s Mot. at p.3 fn.3, PgID 48.) The Court agrees. Plaintiff expressly relies upon and refers to the relationship between FCSD and MEC throughout the allegations of her Complaint and thus the relationship between MEC and the FCSD is integral to Plaintiff's employment-law claims. The Settlement Agreement and Release relates to the prior litigation involving the very same subject matter of this litigation and is "central to the claims" in this action. Plaintiff cannot survive this motion to dismiss simply by failing to attach or refer to that controlling Agreement. As discussed *supra*, where the plaintiff fails to introduce a pertinent document as part of her pleading, the defendant may introduce the exhibit as part of its motion attacking the pleading. *See Greenberg*, 177 F.3d at 514. Further, Plaintiff did not oppose Defendant's motion and thus has waived any objection to the authenticity of these documents. *See Thomas v. Publishers Clearing House, Inc.*, 29 F. App'x 319, 322-23 (6th Cir. 2002) (citing *Bush v. Dictaphone*, 161 F.3d 363, 370 (6th Cir. 1998)).

14

PgID 54.) The Court find that MEC was FCSD's agent for purposes of the placement of Elementary Literacy Tutors, including Plaintiff, within the District.

### C. Plaintiff's Settlement Agreement and Release Bars Her Claims Against MEC Regarding Her Placement as a Tutor During the 2016/2017 School Year

The Sixth Circuit holds that settlement agreements are contracts governed by the principles of state contract law. *Neely v. Good Samaritan Hosp.*, 345 F. App'x 39, 43 (6th Cir. 2009). When interpreting a contract, "Michigan courts 'examine contractual language and give the words their plain and ordinary meanings.'" *Ordos City Hawtai Autobody Co., Ltd. v. Dimond Rigging Co., LLC*, 695 F. App'x 864, 873 (6th Cir. 2017) (quoting *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 544 (6th Cir. 2007)). "If the language of the contract is unambiguous, the court construes and enforces the contract as written." *Id.* (alternations omitted) (quoting *Quality Prods. & Concepts Co. v. Nagel Precision, Inc.*, 469 Mich. 362 (2003)). Federal common law controls the validity of a release of a federal cause of action. *Nicklin v. Henderson*, 352 F.3d 1077, 1080 (6th Cir. 2003). The Sixth Circuit has recognized that a negotiated release of Title VII and other employment-related claims are valid. *Id.* at 1080-81 (release of disability discrimination claims); *Adams v. Philip Morris, Inc.*, 67 F.3d 580, 583 (6th Cir,

15

1995) (release of Title VII claims); *Runyan v. National Cash Register Corp.*, 787 F.2d 1039, 1045 (6th Cir. 1986) (release of age discrimination claims).

As MEC correctly states, Plaintiff's Complaint in this case details events that occurred in 2016 and 2017 and is duplicative of the events raised by Plaintiff in her 2016 litigation against Holly Selesky. Plaintiff's previous litigation against Selesky resulted in a Settlement and Release Agreement which, in pertinent part, released and "forever" discharged:

> … Flint Community Schools, as well as its subsidiaries, employees ***and agents,*** and its insurers and indemnitors, hereinafter sometimes referred to as the Released Parties, … from any and all claims, demands, rights or causes of action whatsoever kind or nature, ***arising out of my hiring, treatment, termination or any interaction in any way concerning my service as an Elementary Literacy Tutor for the 2016/2017 school year***….

(CITE (emphases added).)

It is immaterial that MEC is not expressly a named party to the Release, because the language of the Release also unambiguously applies to Flint Community School's "agents" and thus is broad enough to include MEC as an agent of Flint Community Schools in this instance, specifically related to Plaintiff's "hiring, treatment, termination, or any interaction in any way concerning [her] service as an Elementary Literacy Tutor for the 2016/2017 school year." *See Ellis v. Prospect Airport Servs.*, No. 17-13852, 2019 WL 2218819, at *3-4 (E.D. Mich. Jan. 25, 2019)

(finding plaintiff's claims against defendant law firm barred by the settlement agreement, even though defendant was not expressly named in the settlement agreement, because the agreement also released Prospect's "attorneys," which is MMA), *report and recommendation adopted by*, 2019 WL 1417163 (E.D. Mich. Mar. 29, 2019); *Hayden v. Sass*, No. 5:97-245, 1999 U.S. Dist. LEXIS 2785, at *7 (W.D. Mich. Feb. 5, 1999) ("Plaintiff forever released all claims 'of whatsoever kind or nature' 'which may not exist or may hereafter accrue' against all employees of the Board 'based in whole or in part' upon the termination of his employment, except as necessary to enforce the terms of the settlement agreement. Because the present claims against defendant Sass clearly grow out of the investigation leading to plaintiff's termination, they are barred by the release."), *aff'd*, 2000 WL 1140516 (6th Cir. Aug. 2, 2000); *see also Collucci v. Eklund*, 240 Mich. App. 654, 658 (2000) (finding plaintiff's claims against defendant employees barred by a release plaintiff executed with his former employer because "though defendants were not parties to the execution of the release and did not provide any of the consideration given to plaintiff for the release," the release expressly applied to "Textron … or any of their … employees.").

Defendant MEC cites to *Kimball v. Orlans & Assocs., P.C.*, No. 14-12861, 2015 U.S. Dist. LEXIS 129708 (E.D. Mich. Sept. 28, 2015), *aff'd*, 651 F. App'x 477

17

(6th Cir. 2016), in support of its argument that Plaintiff's claims here are barred by the Release. (Def.'s Mot. at pp. 9-11, PgID 54-56.) In that case, the plaintiffs had previously settled claims regarding foreclosure of their property as to Chase Bank, and the *Kimball* court found the plaintiff's claims against defendant MERS were barred by res judicata because "MERS was in privity with [its agent] Chase and that the release and dismissal of the Kimballs' [Servicemembers Civil Relief Act] foreclosure claims against Chase bar the instant claims against MERS under the doctrine of res judicata." *Kimball*, 2015 U.S. Dist. LEXIS 129708, at *12. Defendant MEC does not assert a res judicata argument in its motion to dismiss.

However, the *Kimball* court further noted, as to other defendants, that the settlement agreement in that case released the plaintiff's foreclosure claims against the "released parties," defined as including "Chase and Chase's agents, their respective agents, and their respective employees." *Id.* at *12. The court found that the plaintiffs "have not disputed the that Defendant Orlans & Associates acted as an agent of Chase with respect to the foreclosure, and that Defendants Spicer and Glaser acted as agents of Orlans & Associates," and accordingly the plaintiffs "have released their instant claims against" those defendants. *Id.* at 12-13.

Similarly, Plaintiff's executed Settlement Agreement and Release defines "agents" of FCSD as a "Released Party." The Court finds, and Plaintiff has not

18

disputed, that MEC is an agent of FCSD with respect to her employment as an ELT during the 2016/2017 school year.

Accordingly, the Court finds that Plaintiff has released her instant claims against MEC "arising out of [her] hiring, treatment, termination or any interaction in any way concerning [her] service as an Elementary Literacy Tutor for the 2016/2017 school year at Potter Elementary School of Flint Community Schools[.]" Plaintiff's Release of claims was knowing and voluntary. She was represented by counsel when negotiating and signing the Settlement Agreement and Release – the same counsel representing Plaintiff in this litigation – and she therefore had a full and fair opportunity to evaluate the terms of the settlement agreement prior to executing it. Further, Plaintiff accepted $10,000.00 in consideration of the promises contained in the Release.[4] Therefore, Plaintiff's claims in this action that are based on her service as an ELT during the 2016/2017 school year must be dismissed.

---

[4] In addition, as MEC argues in its Motion, Plaintiff previously brought suit against Selesky to enforce the terms of the Settlement Agreement and Release, and therefore should be estopped from arguing that the Agreement is somehow unenforceable. *See Pennycuff v. Fentress Cnty. Bd. of Educ.*, 404 F.3d 447, 452 (6th Cir. 2005) ("Judicial estoppel forbids a party from taking a position inconsistent with one successfully and unequivocally asserted by that same party in an earlier proceeding.").

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART AND DENIES IN PART** Defendant Hope Network West Michigan d/b/a Michigan Education Corps' Motion for Partial Dismissal in Lieu of an Answer. (ECF No. 4).

Specifically, Defendant's motion is **GRANTED** as to Count I, to the extent it is based on alleged conduct relating to the 2016/2017 school year, and Counts II, III and IV, and these claims are **DISMISSED WITH PREJUDICE** as barred by Plaintiff's Settlement Agreement and Release.

However, Defendant's Motion is **DENIED** as to Count I, but only to the extent it is based on conduct relating to the alleged decision "to deny Plaintiff a position in 2019."

This Opinion and Order does not resolve all pending claims and does not close this case.

IT IS SO ORDERED.

Dated: January 29, 2021

s/Paul D. Borman
Paul D. Borman
United States District Judge