UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOVEREIGN O'DELL,

    Plaintiff,

v.

HOPE NETWORK WEST MICHIGAN/MICHIGAN EDUCATION CORPS,

    Defendant.
_____/

Case No. 20-cv-11192

Paul D. Borman
United States District Judge

**OPINION AND ORDER
(1) AFFIRMING MAGISTRATE JUDGE GRAND'S JANUARY 25, 2022 ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S SECOND MOTION TO COMPEL (ECF NO. 48),
(2) OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 49), AND
(3) EXTENDING CASE MANAGEMENT AND SCHEDULING ORDER DEADLINES**

This is an employment discrimination case arising out of Plaintiff Sovereign O'dell's employment as a literacy tutor with Defendant Hope Network of West Michigan/Michigan Education Corps in the Flint Community Schools. On January 25, 2022, Magistrate Judge David R. Grand issued an order granting in part and denying in part Defendant's second motion to compel discovery. (ECF No. 48.) Now before the Court is Plaintiff's objections to Magistrate Judge Grand's January 25, 2022 Order. (ECF No. 49.) Defendant has filed a response in opposition. (ECF No.

1

50.) For the reasons set forth below, the Court OVERRULES Plaintiff's objections and AFFIRMS the Magistrate Judge's Order.

## I. BACKGROUND

Plaintiff O'dell brought this lawsuit against Defendants Hope Network of West Michigan/Michigan Education Corps (MEC) and Chester Spellman on May 12, 2020. (ECF No. 1, Compl.) Plaintiff alleges that she was hired by Defendant MEC as a tutor in the Flint Community School District for the 2016-2017 school year, that she was improperly terminated in 2017, and then she was not hired for another tutoring position in 2019. Plaintiff's discrimination claims regarding her termination in 2017 have been dismissed (ECF No. 12, Opinion and Order), as have her claims against Defendant Chester Spellman. (ECF No. 41, Opinion and Order.)

On March 11, 2021, Defendant MEC served discovery requests on Plaintiff through her former counsel, Jeffrey Burg. When Defendant was unable to obtain responses to those discovery requests, it filed its first motion to compel responses on May 26, 2021. (ECF No. 23, Def.'s Mot. Compel.) Plaintiff, citing a breakdown of the attorney-client relationship, filed a "motion to terminate" counsel on June 17, 2021. (ECF No. 28, Pl.'s Mot. Term. Counsel.) Plaintiff's counsel, Burg, filed a motion to withdraw on July 29, 2021. (ECF No. 31, Burg Mot. Withdraw.)

2

These three motions were referred to Magistrate Judge Grand for hearing and determination, and a hearing by videoconference on the three motions was ultimately held on August 19, 2021. Magistrate Judge Grand entered an order that same day, granting the motions for attorney Jeffrey Burg's withdrawal, and denying without prejudice Defendant's motion to compel. (ECF No. 40, Order.) In that Order, Magistrate Judge Grant admonished Plaintiff for including in her request to strike an exhibit to Burg's motion "highly inappropriate, irrelevant *ad hominem* attacks against attorney Burg," and warned her that "future similar abuses may result in the filing being stricken and the imposition of an appropriate sanction." (*Id.* at p. 3, PageID.747, citing ECF No. 37 at PageID.705.)

The August 19, 2021 Order further provided that it was agreed that Plaintiff would provide her responses to Defendant's discovery requests within 14 days (by September 2, 2021). (*Id.*) The Court declined to find that Plaintiff has waived any objections she may have to the discovery requests, reiterated Plaintiff's obligation to participate in the discovery process in good faith, and warned her that the failure to do so, or comply with the Court's orders, may result in the imposition of "an appropriate sanction up to and including dismissal of her claims." (*Id.*)

On September 7, 2021, Plaintiff provided her responses to Defendant's discovery requests. Defendant contends that Plaintiff's written responses were

3

riddled with inapplicable and voluminous objections and were accompanied by 3,566 unnumbered pages of documents, most of which are entirely unrelated to this matter.[1] Defendant further asserts that Plaintiff failed to identify to which requests the documents pertain, and that Plaintiff failed to provide executed authorizations for release of records to Defendant.

After unsuccessfully resolving these discovery issues without court intervention, Defendant filed its second motion to compel discovery responses on November 5, 2021, which was referred to Magistrate Judge Grand for hearing and determination. (ECF Nos. 42, 43.) Plaintiff did not file a response to Defendant's motion to compel. The Court noticed the motion for hearing, which was postponed twice due to Plaintiff's alleged medical issues. The Court ultimately held a hearing by videoconference on January 14, 2022, and, after Defendant's filing of a requested supplemental brief (ECF No. 47), Magistrate Judge Grand issued his Order on January 25, 2022, granting in part and denying in part Defendant's second motion to compel discovery. (ECF No. 48, Order.)

---

[1] According to Defendant, Plaintiff's document production includes the entirety of the Michigan Revised School Code; excerpts of the Medicaid and Medicare appeals process; what appears to be an appeal of a denial of government benefits related to a claim made by Plaintiff's mother; a social media profile of an individual unrelated to this litigation; literally hundreds of additional pages of completely unresponsive documents; and 28 files all named "Selesky File." (ECF No. 50, Def.'s Obj. at pp. 6-7 and fn.2, PageID.1058-59.)

In that Order, Magistrate Judge Grand ruled, in pertinent part, that:

- Plaintiff may not rely on any evidence not timely disclosed as ordered;

- Plaintiff shall advise Defendant, within 14 days, which documents are responsive to which discovery requests, and answer Defendant's questions about which documents correspond to the names/titles she has previously used;

- Plaintiff shall fully answer the relevant discovery requests, within 14 days, without imposing any objections based on the First or Fifth Amendment;

- Plaintiff shall provide executed authorizations for medical, employment, and educational records within 7 days; and

- Plaintiff shall provide full and complete responses to Defendant's discovery requests within 14 days, without the improper asserted objections.

(ECF No. 48, Order at pp. 4-6, PageID.1037-39.) Magistrate Judge Grand further warned Plaintiff that her "**failure to meet her obligations under this Order and/or the applicable rules may result in the imposition of an appropriate sanction, up to and including the dismissal of her case.**" (*Id.* at p. 6, PageID.1039 (emphasis in original).) Finally, "[i]n light of the significant delays in completing discovery," the Magistrate Judge extended Civil Case Management and Scheduling Order deadlines. (*Id.*)

On February 9, 2022, Plaintiff filed her objection to Magistrate Judge Grand's January 25, 2022 Order. (ECF No. 49, Pl.'s Obj.) Plaintiff requests relief from the

5

Order and that the Magistrate Judge be removed from this case "based on judicial bias toward plaintiff." (*Id.*)

On February 23, 2022, Defendant filed a response in opposition to Plaintiff's objection. (ECF No. 50, Def.'s Resp.) Defendant requests that the Court adopt Magistrate Judge Grand's Order, and also requests a 60-day extension of the case management deadlines. (*Id.*)

## II. LEGAL STANDARD

28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) both provide that a district judge must modify or set aside any portion of a magistrate judge's non-dispositive pretrial order found to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).[2] The United States Supreme

---

[2] Defendant incorrectly refers to Magistrate Judge Grand's January 25, 2022 Order as a "Report and Recommendation," and contends that this Court must review that order de novo. (Def.'s Resp. at p. 16, PageID.1068.) Defendant is confusing the standard of review for a magistrate judge's report and recommendation on dispositive matters, *see* Fed. R. Civ. P. 72(b)(3), with the standard of review for a magistrate judge's order on non-dispositive matters. *See* Fed. R. Civ. P. 72(a). Defendant's second motion to compel discovery concerns a non-dispositive matter and thus is subject to review under the "clearly erroneous or contrary to law" standard as provided in Fed. R. Civ. P. 72(a).

The Court further notes that both Plaintiff and Defendant misidentify Magistrate Judge Grand as "magistrate" throughout Plaintiff's Objection and Defendant's Response. The title *magistrate* no longer exists in the U.S. Courts, having been changed from "magistrate" to "magistrate judge" in 1990. Judicial Improvements Act of 1990, 104 Stat. 5089, Pub. L. No. 101-650, §321 (1990) ("After the enactment of this Act, each United States magistrate . . . shall be known

6

Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *U.S. Gypsum Co.*). *See also United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (explaining the standard under Rule 72(a)).

This standard does not empower a reviewing court to reverse the Magistrate Judge's finding because it would have decided the matter differently. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)). The Sixth Circuit has noted that: "[t]he question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw. Rather, the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *Heights Cmty.*

---

as a United States magistrate judge."). *See* Ruth Dapper, *A Judge by Any Other Name? Mistitling of the United States Magistrate Judge*, 9 FED. COURTS L. REV. 1, 5-6 (2015). The parties are reminded to use the correct title, in the future, when referring to Magistrate Judge Grand or any other magistrate judge in the federal courts.

7

*Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). If two or more permissible views of the evidence exists, a magistrate judge's decision cannot be clearly erroneous. *See id.*

"The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard.... Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich.1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). "'An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Mattox v. Edelman*, No. 12-13762, 2014 WL 4829583, at *2 (E.D. Mich. Sept. 29, 2014) (quoting *Ford Motor Co. v. United States,* No. 08–12960, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009)).

When a discovery order centers on a magistrate judge's determination of relevance, district courts have used the abuse of discretion standard, finding this standard appropriate in light of the broad discretion a court has over discovery matters. *See Mata v. STA Mgmt., LLC,* No. 19-11662, 2021 WL 141248, at *1 (E.D. Mich. Jan. 15, 2021) (citation omitted); *see also State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 255 F. Supp. 3d 700, 704 & n.1 (E.D. Mich. 2017)

("[A] court has broad discretion over discovery matters [and] a magistrate judge ... is overruled only if the district court finds an abuse of discretion.").

### III. DISCUSSION

Plaintiff asserts a number of objections to Magistrate Judge Grand's January 25, 2022 Order, which she breaks down into two groups: (1) objections to "findings of fact" and (2) objections to "directives."

### A. Plaintiff's Objections to Magistrate Judge Grand's "Findings of Fact"

#### 1. Objection No. 1

Plaintiff contends that she terminated her former counsel, and that the Court's statement that it entered an order permitting him to withdraw was in error. (Pl.'s Obj. at p. 4, PageID.1044.) This objection is meritless. In the Court's August 19, 2021 Order permitting Jeffrey S. Burg to withdraw as Plaintiff's counsel (to which Plaintiff did not object), the Court recognized that both Plaintiff and her counsel filed motions to terminate Burg's representation of Plaintiff, and granted both motions. (ECF No. 40, Order at p. 2, PageID.746.) Thus, this "factual finding" is not clearly erroneous and Plaintiff's objection is overruled.

### 2. Objections No. 2, 3 and 4

Plaintiff contends that Magistrate Judge Grand's admonishments, in his August 19, 2021 order permitting Burg's withdrawal, regarding Plaintiff's failure to fully cooperate in discovery are "improper and clearly erroneous" because, at that time, any discovery failures were attributable to Burg. (Pl.'s Obj. at pp. 4-5, PageID.1044-45.) She further objects that she was improperly labelled a "threat" and "harassing" and admonished for including "highly inappropriate, irrelevant ad hominem attacks against Burg." (*Id.*) Finally, she complains that the Court improperly warned her that her failure to participate in discovery in good faith could result in sanctions. (*Id.*)

First, Plaintiff did not object to Magistrate Judge Grand's August 19, 2021 Order, and any objections to that order are now waived. Second, Plaintiff's objections fail in any event because she does not show that these "findings" are clearly erroneous. The Magistrate Judge's characterization of Plaintiff's inappropriate attack of Burg in her filing at ECF No. 37, PageID.705, is not erroneous. The Court further notes that Plaintiff continues to include similarly inappropriate comments in her Objections at PageID.1045. Plaintiff is again warned that she must cease from making such inappropriate comments and statements in her filings.

The Magistrate Judge's reiteration of Plaintiff's obligation to participate in the discovery process in good faith is proper and based on the proceedings in the case. Plaintiff admitted that she has been in possession of Defendant's discovery requests since late May 2021 (ECF No. 28), and she still had not provided responses as of the August 19, 2021 hearing.

Plaintiff also complains that the Magistrate Judge's rulings indicate that he is impartial or biased. A magistrate judge is entitled to broad discretion over discovery matters. *State Farm Mut. Auto. Ins. Co.*, 255 F. Supp. 3d at 704. Simply because Plaintiff disagrees with the Magistrate Judge's rulings is not grounds for finding bias. Indeed, it is well established that in order to be disqualifying, a judge's prejudice or bias "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) (citation omitted); *see also Ullmo v. Gilmour Acad.*, 273 F.3d 671, 681 (6th Cir. 2001). Plaintiff fails to establish that Magistrate Judge Grand was biased against her. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("A judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune."). Plaintiff has

11

neither alleged nor provided evidence of any extrajudicial influence by the Magistrate Judge. Her objections on the grounds of bias, therefore, are without merit and are overruled.

### 3. Objections No. 5 and 6

Plaintiff objects to Magistrate Judge Grand's characterization of her objections to Defendant's discovery requests as "extremely voluminous and sometimes non-sensical" and "offbase," and her discovery responses as "so lengthy and confusing that Defendant cannot tell if they are complete." (Pl.'s Obj. at pp. 5-7, PageID.1045-47.) Magistrate Judge Grand's findings were made based on his review of the pleadings, Plaintiff's discovery responses, and the argument at the hearing, and Plaintiff fails to show that these findings are clearly erroneous. A court has broad discretion over discover matters, and a magistrate judge is entitled to that same broad discretion. *See State Farm Mut. Auto. Ins. Co.*, 255 F. Supp. 3d at 704 & n.1. The Court finds, upon review of the pleadings, that the Magistrate Judge's determinations regarding Plaintiff's discovery responses are well within his discretion. Accordingly, these objections are overruled.

### B. Plaintiff's Objections to Magistrate Judge Grand's "Directives"

#### 1. Objection No. 1

Plaintiff objects to the Order's directive that she will not be permitted to rely on any evidence not timely disclosed. (Pl.'s Obj. at p. 7, PageID.1047.) Plaintiff contends that this order "precludes [her] mental disabilities from being reasonably accommodated." (*Id.*) In his Order, Magistrate Judge Grand noted that "the Court is sensitive to O'Dell's alleged impairments," but that "she has been given more than enough time to do whatever research is necessary to fully respond to Defendant's discovery requests," and thus she will not be permitted to rely on any evidence not timely disclosed "as ordered herein." (ECF No. 48, Order at pp. 3-4, PageID.1036-37.)

As stated above, Plaintiff admits that she has been in possession of Defendant's discovery requests since late May 2021. The Magistrate Judge's Order is proper and supported by Fed. R. Civ. P. 37(c)(1), which provides that if a party fails to disclose or supplement information as required by the rules, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless." *See also Consolidated Rail Corp. v. Grand Trunk W. R. Co.*, 853 F. Supp. 2d 666, 670 (E.D. Mich. 2012) ("If a party fails to disclose such information during discovery, it

13

may not use that information against the opposing party at trial, unless the failure to disclose was substantially justified or harmless."). Accordingly, this objection is overruled.

### 2. Objection No. 2

Plaintiff objects to the order that she must (1) advise Defendant which documents are responsive to which discovery requests, and (2) answer Defendant's specific questions about which documents correspond to the names/titles she has previously used for certain documents or groups of documents (such as "investigation files" and "affidavits"). (Pl.'s Obj. at pp. 7-8, PageID.1047-48.) Plaintiff contends that she already provided documents with this information to "Lacy Horning from defendant's law firm" (*Id.*) Defendant's counsel states that it has never employed an individual by this name. (Def.'s Resp. at p. 18, PageID.1070.)

This directive in Magistrate Judge Grand's order is neither clearly erroneous nor contrary to law. Directing the opposing party to an undifferentiated mass of records is not a suitable response to a legitimate request for discovery. *See Northland Radiology, Inc. v. Dozier*, No. 4:20-cv-11091, 2021 WL 1600104, at *5 (E.D. Mich. Apr. 22, 2021) ("Defendants are entitled to know which documents are responsive to which requests and should not have to sort through a 'document dump,' even a small one, to figure it out for themselves."); *Wagner v. Dryvit Sys., Inc.*, 208 F.R.D.

14

606, 610-11 (D. Neb. 2001) ("[P]roducing a large amount of documents in no apparent order does not comply with a party's obligation under Rule 34."). Plaintiff is not permitted to avoid her responsibilities under the Federal Rules of Civil Procedure. Accordingly, this objection is overruled.

### 3. Objection No. 3

Plaintiff objects to Magistrate Judge Grand's determination that her assertion of First and Fifth Amendment privileges was inappropriate. (Pl.'s Obj. at p. 8, PageID.1048.) She contends, without any legal support, that she has a right to claim these privileges, and that she has prepared a privilege log. (*Id.*)

Magistrate Judge Grand stated in his Order that Plaintiff "has not given any indication that she may be facing a potential criminal charge, and having voluntarily brought this case, she cannot hamstring Defendant's ability to defend itself by holding back information responsive to its discovery requests based on a Fifth Amendment privilege." (ECF No. 48, Order, at p. 4, PageID.1037, citing *Woosley v. Marlin Firearms Co.*, No. CV 04-176-WOB, 2005 WL 8165113, at *2 (E.D. Ky. Mar. 7, 2005) ("[t]he fact that a *plaintiff* may be required to waive his Fifth Amendment rights in a civil proceeding he has initiated, or be faced with negative consequences, might not be as intolerable or unjust as would be the case were it a defendant involuntarily haled into court who faced the same dilemma.") (emphasis

15

in original).) The Fifth Amendment privilege can only be asserted when "the witness reasonably believes that the information sought, or discoverable as a result of his testimony, could be used in a subsequent state or federal criminal proceeding." *United States v. Balsys*, 524 U.S. 666, 672 (1998). Accordingly, this directive is not erroneous or contrary to law.

Magistrate Judge Grand's Order further noted that Plaintiff's First Amendment objections to requests inquiring into her social media posts regarding this lawsuit lack merit because, even assuming Plaintiff has a general right to "viewpoint privacy," she waived that right with respect to relevant information by bringing this action against Defendant. (*Id.* at p. 5, PageID.1038.) Plaintiff has failed to show that the Magistrate Judge's order is clearly erroneous or contrary to law, and her objection is overruled.

### 4. Objection No. 4

Plaintiff objects to the Court's Order that she enter into an appropriate protective order and provide signed authorizations within 7 days of entry of the Order because "forcing plaintiff to act within 7 days, rather than providing time for the appellate process, including these objections," deprives her of due process. (Pl.'s Obj. at p. 8, PageID.1048.) However, Magistrate Judge Grand's Order plainly states that Plaintiff has the right to file objections. (ECF No. 48, Order, at p. 7,

16

PageID.1040.) Plaintiff has filed her objections and thus has not been deprived due process. Accordingly, this objection is meritless and overruled.

### 5. Objection No. 5

Plaintiff objects to the Court's Order that she provide full and complete discovery responses within 14 days. (Pl.'s Obj. at pp. 8-9, PageID.1048-49.) She contends that she has produced the information to Defendant and that Defendant was "committing fraud on the court" when it stated that it had not received Plaintiff's social media usernames and that it did not have the "Bobo, Windram, and Borg affidavits." (*Id.*) She complains that "[t]he magistrate [judge] simply does not care that this information is already in the possession of defendant and is painting plaintiff in the false light of non-production." (*Id.*)

Magistrate Judge Grand properly exercised his discretion to find that Defendant's discovery requests were not overly burdensome and to order that Plaintiff "cannot refuse to produce relevant information on the ground that Defendant already possesses it" because "[e]ven if Defendant is or was aware of certain information, it has a right to request relevant information from [Plaintiff], as she may have additional or different information." (ECF No. 48, Order at p. 5, PageID.1038.) Further, as Defendant explained in its Response to Plaintiff's Objection, although individuals named "Bobo," "Windram" and "Borg" were

17

employed by Defendant, Defendant was not a party to Plaintiff's prior lawsuits against Holly Selesky and it does not have custody or control over the affidavits listed. (Def.'s Resp. at pp. 18-19 & fn.4, PageID.1070-71.) Plaintiff's objection is overruled. She has not established that the disposition of Defendant's motion to compel was clearly erroneous or a mistake of law.

### C. Extension of the Case Management Deadlines

In light of the delays in completing discovery, Defendant has requested that the Case Management deadlines set forth in Magistrate Judge Grand's January 25, 2022 Order be extended an additional 60 days. (Def.'s Obj. at p. 19, PageID.1071.) The Court finds that good cause exists for a reasonable extension.

Accordingly, the Civil Case Management and Scheduling Order is hereby amended as follows:

- Expert Disclosures (Proponent): April 5, 2022
- Expert Disclosures (Rebuttal): May 6, 2022
- Fact Discovery Cutoff: June 7, 2022
- Expert Discovery Cutoff: July 5, 2022
- Facilitation to be held by: **August 2, 2022** – the parties must notify the case manager by **May 3, 2022** of their choice of facilitator **and scheduled date**

18

- Motions Challenging Experts filed by: September 13, 2022

- Dispositive Motions filed by: September 13, 2022

- Motions In Limine (non-expert related): TBD

- Proposed Final Pretrial Order Due: TBD

- Final Pretrial Conference: TBD

- Jury Trial Date: TBD

The Court will issue an Amended Civil Case Management and Scheduling Order with these dates.

## IV. CONCLUSION

Because the rulings of the Magistrate Judge were thoughtful, well-reasoned, and appropriate, Plaintiff's objections to Magistrate Judge Grand's January 25, 2022 Order (ECF No. 49) are OVERRULED and Magistrate Judge Grand's Order Granting in Part and Denying in Part Defendant's Second Motion to Compel Discovery (ECF No. 48) is AFFIRMED.

19

It is FURTHER ORDERED that Plaintiff must comply with Magistrate Judge Grand's January 25, 2022 Order **on or before April 21, 2022**. **The failure to do so will be grounds for sanctions, up to and including dismissal.**

IT IS SO ORDERED.

Dated: March 23, 2022

s/Paul D. Borman
Paul D. Borman
United States District Judge

20