UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOVEREIGN O'DELL,

       Plaintiff,                             Case No. 20-cv-11192

v.                                        Paul D. Borman
                                        United States District Judge

HOPE NETWORK WEST
MICHIGAN/MICHIGAN EDUCATION
CORPS,

       Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT HOPE NETWORK D/B/A MICHIGAN EDUCATION CORPS'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH COURT ORDERS REGARDING DISCOVERY AND FOR SANCTIONS (ECF NO. 54)

This is an employment discrimination case arising out of Plaintiff Sovereign O'dell's employment as a literacy tutor with Defendant Hope Network West Michigan d/b/a Michigan Education Corps (MEC) in the Flint Community Schools. Now before the Court is Defendant Hope Network d/b/a Michigan Education Corps's Motion to Dismiss for failure to comply with Court orders regarding discovery (ECF No. 54). The motion has been fully briefed. The Court does not believe that oral argument will aid in its disposition of this motion; therefore, it is

1

dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

For the reasons set forth below, the Court GRANTS Defendant MEC's motion to dismiss for Plaintiff's failure to comply with Court orders, pursuant to Fed. R. Civ. P. 37 and 41, and awards Defendant MEC its reasonable costs, including attorney fees, incurred in bringing this motion, pursuant to Fed. R. Civ. P. 37(a)(5)(A).

## I. BACKGROUND

Plaintiff Sovereign O'dell brought this lawsuit against Defendants Hope Network West Michigan d/b/a Michigan Education Corps (MEC) and Chester Spellman on May 12, 2020. (ECF No. 1, Compl.) O'dell alleges that she was hired by Defendant MEC as a tutor in the Flint Community School District for the 2016-2017 school year, that she was improperly terminated in 2017, and that she was not hired for another tutoring position in 2019. O'dell's discrimination claims regarding her termination in 2017 have been dismissed (ECF No. 12, Opinion and Order), as have her claims against Defendant Chester Spellman (ECF No. 41, Opinion and Order).

On March 11, 2021, Defendant MEC served discovery requests on O'dell through her counsel at that time, Jeffrey Burg. When MEC was unable to obtain

2

responses to those discovery requests, it first sent a letter to Burg on April 26, 2021 requesting responses, and then when none were forthcoming, MEC filed its first motion to compel responses on May 26, 2021. (ECF No. 23, MEC Mot. Compel.) O'dell, citing a breakdown of the attorney-client relationship, filed a "motion to terminate" counsel on June 17, 2021. (ECF No. 28, O'dell Mot. Term. Counsel.) O'dell's counsel, Burg, separately filed a motion to withdraw on July 29, 2021. (ECF No. 31, Burg Mot. Withdraw.)

These three motions were referred to Magistrate Judge David R. Grand for hearing and determination, and Magistrate Judge Grand ultimately held a hearing by videoconference on the three motions on August 18, 2021, after having to reschedule the hearing date four times. Magistrate Judge Grand entered an order the next day, granting the motions for attorney Jeffrey Burg's withdrawal, and denying without prejudice Defendant MEC's motion to compel. (ECF No. 40, Order.) During the hearing, O'dell was directed to execute authorizations to allow MEC to obtain information from her medical treatment providers, former employers, and educators, and in the Order, Magistrate Judge Grand stated that it was agreed that Plaintiff would provide her responses to Defendant's discovery requests within 14 days (by September 2, 2021). (*Id.*) The Court declined to find that O'dell had waived any objections she may have to the discovery requests, reiterated O'dell's obligation to

3

participate in the discovery process in good faith, and expressly warned her that the failure to do so, or to comply with the Court's orders, may result in the imposition of "an appropriate sanction up to and including dismissal of her claims." (*Id.*)

On September 7, 2021, O'dell provided responses to MEC's discovery requests. MEC contends that O'dell's written responses were riddled with inapplicable and voluminous objections, including assertions of Fifth Amendment and First Amendment privileges, and were accompanied by 3,566 unnumbered pages of documents, most of which are entirely unrelated to this matter. O'dell failed to provide executed authorizations for the release of records to MEC.

After unsuccessfully attempting to resolve these discovery issues without court intervention, MEC filed its second motion to compel discovery responses on November 5, 2021, which was referred to Magistrate Judge Grand for hearing and determination. (ECF Nos. 42, 43.) O'dell did not file a response to MEC's second motion to compel. The Court noticed the motion for hearing, which was postponed twice due to O'dell's alleged medical issues. The Court ultimately held a hearing by videoconference on January 14, 2022.

On January 19, 2022, MEC filed of a supplemental brief, as requested by the Court at the hearing. (ECF No. 47.) That same day, counsel for MEC provided a copy of that supplemental filing to O'dell, and also provided a Proposed Stipulated

Protective Order for her consideration, as well as revised authorization forms for her execution. (ECF No. 54-2, 1/19/22 letter with attachments, PageID.1131-41.)

Magistrate Judge Grand issued his Order on January 25, 2022, granting in part and denying in part Defendant MEC's second motion to compel discovery. (ECF No. 48, Order.) In that Order, Magistrate Judge Grand ruled, in pertinent part, that:

- O'dell may not rely on any evidence not timely disclosed as ordered;

- O'dell shall advise MEC, within 14 days, which documents are responsive to which discovery requests, and answer MEC's questions about which documents correspond to the names/titles of documents she has previously used;

- O'dell shall fully answer the relevant discovery requests, within 14 days, without imposing any objections based on First Amendment or Fifth Amendment privileges;

- O'dell shall provide executed authorizations for medical, employment, and educational records to MEC within 7 days; and

- O'dell shall provide full and complete responses to MEC's discovery requests within 14 days, without the other improper asserted objections.

(ECF No. 48, Order at pp. 4-6, PageID.1037-39.) Magistrate Judge Grand further expressly warned O'dell that her "**failure to meet her obligations under this Order and/or the applicable rules may result in the imposition of an appropriate sanction, up to and including the dismissal of her case.**" (*Id.* at p. 6, PageID.1039 (emphasis in original).) Finally, "[i]n light of the significant delays in completing

5

discovery," the Magistrate Judge extended the Civil Case Management and Scheduling Order deadlines. (*Id.*)

O'dell filed objections to Magistrate Judge Grand's January 25, 2022 Order (ECF No. 49), to which MEC responded (ECF No. 50). On March 23, 2022, this Court entered an Opinion and Order (1) affirming Magistrate Judge Grand's January 25, 2022 Order, (2) overruling O'dell's objections, and (3) extending the case management and scheduling order deadlines yet again (including setting a facilitation deadline). (ECF No. 51, Opinion and Order.) In that Opinion and Order, this Court again clearly warned O'dell that she "must comply with the directives in Magistrate Judge Grand's January 25, 2022 Order **<u>on or before April 21, 2022. The failure to do so will be grounds for sanctions, up to and including dismissal.</u>**" (*Id.* at p. 20, PageID.1095(emphasis in original).)

On March 29, 2022, counsel for MEC sent a letter to O'dell reminding her of the upcoming mediator selection deadline for the court-ordered facilitation, and again attaching copies of the proposed stipulated protective order and the record authorizations to be executed. (ECF No. 54-3, 3/29/22 letter with attachments, PageID.1143-55.)

O'dell responded to that correspondence on April 5, 2022 in an email proposing two Magistrate Judges as potential mediators. (ECF No. 54-4, 4/5/22

email, PageID.1157-58.) O'dell, however, did not provided executed authorization forms and did not respond regarding the proposed stipulated protective order. (*See id.*)

On April 26, 2022, Defendant MEC filed the instant motion to dismiss for failure to comply with Court's orders regarding discovery, arguing that O'dell has defied not one, but two, orders of this Court compelling her to fully and completely respond to MEC's discovery requests, which she has had for more than 11 months, and to provide executed authorization forms. (ECF No. 54, MEC Mot. Dismiss.) MEC seeks dismissal of this matter, with prejudice, pursuant to Fed. R. Evid. 37(b) and 41(b) for O'dell's willful non-compliance with this Court's orders, and an award of its reasonable expenses in bringing this motion, including attorneys' fees and costs.

On May 16, 2022, O'dell filed a three-page Response to MEC's motion to dismiss. (ECF No. 56, Pl.'s Resp.) O'dell admits that she has failed to provide signed authorizations, and states that she is providing "an audio/visual response" to MEC's discovery requests via two embedded links consisting of an over six hour video of O'dell reading and discussing her prior discovery responses, and hundreds of pages of documents produced for the first time. O'dell, however, fails to address any of the legal arguments made by MEC in its motion to dismiss.

7

On June 1, 2022, MEC filed a Reply brief in support of its Motion to Dismiss. (ECF No. 57, MEC Reply.) MEC argues that O'dell's failure to address MEC's legal arguments in its motion operates as a waiver, and that even if the Court accepted O'dell's "Response," her Complaint should still be dismissed because she failed to comply with the Court's directives in its January 25, 2022 and March 23, 2022 Orders. MEC further argues that an award of fees and costs is warranted.

## II.  LEGAL STANDARD

MEC moves for dismissal under Federal Rules of Civil Procedure 37 and 41.

"Under Rule 37(b)(2) of the Federal Rules of Civil Procedure, 'a district court may sanction parties who fail to comply with its orders in a variety of ways, including dismissal of the lawsuit.'" *Universal Health Grp. v. Allstate Ins. Co.*, 703 F.3d 953, 956 (6th Cir. 2013) (quoting *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995)). Further, a party who fails to answer interrogatories or produce requested discovery may be sanctioned with dismissal under Rule 37(d)(3) (incorporating by reference Rule 37(b)(2)(A)(i)-(vi)). "The use of dismissal as a sanction for failing to comply with discovery has been upheld because it accomplishes the dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future." *Bass*, 71 F.3d at 241. On a motion to dismiss under Rule 37, a court should consider four factors:

8

(1)    whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault;

(2)    whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery;

(3)    whether the dismissed party was warned that failure to cooperate would lead to dismissal; and

(4)    whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id.* (citing *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990)). A court need not find that all factors weigh in favor of dismissal in order to dismiss. *See Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 740 (6th Cir. 2008) (three of four factors sufficient).

Federal Rule of Civil Procedure 41(b) provides for dismissal of an action where the plaintiff has failed "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT&T*, 176 F.3d 359, 362-63 (6th Cir. 1999); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (recognizing that district courts have inherent power to police their dockets). The same four factors discussed above must be evaluated for a Rule 41(b) motion for involuntary dismissal because of a failure to comply with the Rules of Civil

9

Procedure or a court order. *Id.* "Although typically none of the factors is outcome

dispositive, ... a case is properly dismissed by the district court where there is a clear

record of delay or contumacious conduct." *Schafer*, 529 F.3d at 737 (quoting *Knoll*,

176 F.3d at 363). "Contumacious conduct refers to behavior that is 'perverse in

resisting authority and stubbornly disobedient.'" *Carpenter v. City of Flint*, 723 F.3d

700, 704-05 (6th Cir. 2013) (quoting *Schafer*, 529 F.3d at 737 (quoting *Webster's

Third New International Dictionary* 497 (1986))).

## III.  ANALYSIS

### A.   Whether Plaintiff's Complaint Should Be Dismissed With Prejudice Pursuant to Fed. R. Civ. P. 37(b) and 41(b)

MEC argues that this case should be dismissed with prejudice pursuant to Fed.

R. Civ. P. 37(b) and 41(b).[1] For the reasons set forth below, the Court finds that an

---

[1] MEC also argues in its Reply brief that the Court should find that O'dell waived opposition to MEC's legal arguments in its motion to dismiss because she wholly failed to provide any substantive response to any of MEC's legal arguments, and instead rehashed arguments that have been considered, and rejected, by this Court. MEC is correct that O'dell failed to address any of MEC's legal arguments for dismissal of this action. O'dell thus could be found to have waived or forfeited any opposition to MEC's motion to dismiss. *See Notredan, L.L.C. v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013) (plaintiff's failure to respond to motion-to-dismiss argument allowed district court to treat the argument as forfeited and prevented later objection to the district court ruling); *Allstate Ins. Co. v. Global Medical Billing, Inc.*, 520 F. App'x 409, 412 (6th Cir. 2013) (holding plaintiff's failure to respond to defendant's arguments amounts to a waiver of the argument); *see also United States v. Huntington Nat'l Bank*, 574 F.3d 329, 332 (6th Cir. 2009) ("To preserve [an] argument... the litigant not only must identify the issue

10

evaluation of the four factors discussed above pursuant to Fed. R. Evid. 37 and 41 favors dismissal of this action with prejudice.

### 1.    Willfulness, bad faith, or fault

MEC argues that O'dell has acted in clear defiance of the Court's orders and her discovery obligations under the Federal Rules of Civil Procedure. Although O'dell is now proceeding pro se, and thus is held to less stringent standards, the leniency granted is not boundless. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The Court must balance the plaintiff's pro se status with the defendant's right to a fair and timely resolution of the litigation, and "pro se litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Bunting v. Hansen*, No. 05-10116-BC, 2007 WL 1582236, at *2 (E.D. Mich. May 31, 2007) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

MEC states that O'dell is a frequent litigant in this Court and in the Genesee County Circuit Court, and therefore is "well-versed in appropriate court procedures." (ECF No. 54, MEC Mot., PageID.1117.) (*See also* ECF No. 40, Order at p. 2,

---

but also must provide some minimal level of argumentation in support of it."). In any event, the Court finds that even if O'dell did not forfeit her argument against dismissal, this action should be dismissed pursuant to Fed. R. Civ. P. 37 and 41 for the reasons discussed herein.

PageID.746 (recognizing that "O'Dell has been a litigant in many cases, often representing herself.").) O'dell filed this lawsuit against MEC over two years ago, and has admittedly had MEC's discovery requests to her in her possession for over a year, yet she has willfully failed to comply with her discovery obligations under the Federal Rules of Civil Procedure and has willfully failed to comply with this Court's Orders, including the most recent Order to comply with the deadlines in Magistrate Judge Grand's January 25, 2022 Order no later than April 21, 2022. O'dell has been expressly warned by this Court three times, in written orders, that her continued failure to comply with her discovery obligations and this Court's orders will result in sanctions, up to and including dismissal, yet she has been "stubbornly disobedient."

O'dell failed to respond to any of the Court's most recent directives by April 21, 2022, as ordered by the Court on March 23, 2022, causing MEC to file the instant motion to dismiss. To the extent she purports to respond in part to the Court's orders regarding discovery in her May 16, 2022 Response to MEC's motion to dismiss, such a response is patently untimely and insufficient. MEC states that O'dell still has not provided executed authorization forms submitted to her by MEC several times, as ordered by the Court. O'dell "admits [in her Response] to having failed to provide the medical authorization[]," which was submitted to her by MEC in

12

compliance with Magistrate Judge Grand's directive to limit medical authorizations to ten years. It does not appear that O'dell has informed MEC which records are responsive to which request, as ordered by the Court, or that she has fully responded to the discovery requests without reference to inapplicable First and Fifth Amendment objections or other improper objections.[2] O'dell's pro se status does not excuse her blatantly ignoring Court orders and rules. *See Brewer v. Detroit Pub. Schs. Cmty. Dist.*, No. 17-11364, 2020 WL 5793256, at *3 (E.D. Mich. Sept. 29, 2020) (finding plaintiff's non-compliance with discovery demonstrated "a clear record of delay or contumacious conduct" that is "perverse in resisting authority and stubbornly disobedient" when, despite being warned that continued non-compliance could result in severe sanctions, and despite being granted extensions, plaintiff failed to fully comply with discovery and refused to provide access to her medical records), *aff'd*, No. 20-2068, 2021 WL 8314815 (6th Cir. Dec. 13, 2021).

Accordingly, the Court finds that the first factor weighs in favor of dismissal.

---

[2] MEC states in its Reply brief that O'dell's over six hour video submission embedded in her Response brief consists of her reading her previous discovery responses, continuing to argue the applicability of the First and Fifth Amendment privileges, stating she "will not waive" these privileges, continuing to assert that she be permitted  to amend her answers to discovery without deadlines if she "misremembers" or "misspoke" based on her numerous claimed disabilities, and threatening litigation if her demands are not met. (ECF No. 57, MEC Reply.) These arguments have already been addressed by the Court in its prior Orders. (See ECF Nos. 48, 51.)

## 2.    Prejudice to MEC

The prejudice factor requires a showing that the moving party was "required to waste time, money and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997).

MEC argues that it has been prejudiced by O'dell's willful failure to meaningfully participate in the discovery process. MEC states that it has been waiting for discovery responses from O'dell since May 2021 and has had to engage in multiple motion practice before this Court, and that it has been "stymied in its efforts to evaluate Plaintiff's claims or its own defenses." (ECF No. 54, MEC Mot., PageID.1118.) MEC contends that O'dell's conduct is similar to that of the plaintiff in *Thedford v. St. Clair Shores Police Department*, No. 12-12366, 2013 WL 2149154 (E.D. Mich. May 16, 2013), in which the court dismissed the pro se plaintiff's action, finding that the defendants, who were unable to obtain discovery from plaintiff or depose him, were prejudiced because they cannot prepare an adequate defense or a motion for summary judgment without the discovery they have diligently pursued. *Id.* at *3; *see also Harmon*, 110 F.3d at 364 (finding defendant suffered prejudice from plaintiff's failure to respond to interrogatories because the

defendant was unable to obtain information, and had wasted time, money and effort in pursuit of the plaintiff's cooperation).

Here, MEC served O'dell with discovery requests in April 2021, moved to compel responses in May 2021, and again in November 2021, and then moved to dismiss on April 26, 2022, all in an attempt to obtain routine discovery information. MEC is entitled to full discovery so that it can defend itself against O'dell's claims, and O'dell has responded with inapplicable defenses and threatened further motion practice. MEC should not be forced to expend more resources on this case when O'dell has failed to cooperate with discovery and has failed to abide by the Court's orders.

This factor weighs in favor of dismissal.

### 3.    Prior warnings

MEC correctly argues that this Court has warned O'dell no fewer than three previous times that her continued failure to participate in good faith in the discovery process could result in sanctions, including dismissal of her action. O'dell was verbally cautioned by Magistrate Judge Grand during the August 18, 2021 hearing, and that warning was incorporated in the August 19, 2021 Order stating: "the Court reiterates O'Dell's obligation to participate in the discovery process in good faith. O'Dell's failure to do so, or to comply with the Court's orders, may result in the

imposition of an appropriate sanction up to and including dismissal of her claims." (ECF No. 40, Order at p. 3, PageID.747.)

On January 25, 2022, the Court again admonished O'dell, when ruling on MEC's second motion to compel, that her "**failure to meet her obligations under this Order and/or under the applicable rules may result in the imposition of an appropriate sanction, up to and including the dismissal of her case.**" (ECF No. 48, Order at p. 6, PageID.1039 (emphasis in original).) On March 23, 2022, this Court yet again ordered O'dell to comply with the Magistrate Judge's January 25, 2022 Order and warned her that her "**failure to do so will be grounds for sanctions, up to and including dismissal.**" (ECF No. 51, Order at p. 20, PageID.1095.)

Despite these multiple, express warnings to O'dell, she has continued to disregard this Court's orders and her obligations under the federal rules. Accordingly, this factor weighs in favor of dismissal.

### 4.   Consideration of lesser sanctions

In the Court's order on MEC's first motion to compel, the Court declined to issue sanctions against O'dell, declined to find that she waived any potential objections to the discovery requests, but reiterated O'dell's obligation to participate in the discovery process in good faith, warned her of the consequences of her failure to do so, and extended the discovery deadlines. (ECF No. 40.) In ruling on MEC's

second motion to compel (to which O'dell wholly failed to respond), the Court admonished O'dell to be cooperative and professional in responding to MEC's communications regarding discovery, and this time ruled that she "**will not be permitted to rely on any evidence not timely disclosed as ordered herein**," and ordered her to provide responses to MEC's discovery requests without the improper objections she had previously asserted. (ECF No. 48 (emphasis in original).) O'dell was similarly warned in the Court's March 23, 2022 Order. (ECF No. 51.) In all three of the Court's orders, the Court expressly warned O'dell that her failure to comply with the Court's orders would result in sanctions up to and including dismissal. However, despite these warnings and lesser sanctions, O'dell continues to ignore this Court's Orders and her obligations under the federal rules. This conduct weighs in favor of dismissal. *See Carpenter*, 723 F.3d at 709 (noting that the court's two prior warnings to the plaintiff that his failure to comply with the local rules could result in sanctions weighed in favor of dismissal)

Even if lesser sanctions had not been imposed, the Sixth Circuit has "never held that a district court is without power to dismiss a complaint, as the first and only sanction," and is "loathe to require the district court to incant a litany of the available sanctions." *Schafer*, 529 F.3d at 738; *see also Brewer*, 2021 WL 8314815, at *3 (upholding dismissal where the district court did not impose lesser sanctions before

17

dismissing the case because the district court concluded that lesser sanctions "would have no effect on Brewer's conduct, given her failure to respond to the magistrate judge's warnings"). Where, as here, "a pro se plaintiff has 'failed to adhere to readily comprehended court deadlines of which he [is] well-aware,' [dismissal for failure to prosecute] is appropriate." *Nationwide Life Ins. Co. v. Penn-Mont Benefit Servs., Inc.*, No. 16-4707, 2018 WL 1124133, at *6 (6th Cir. Jan. 31, 2018) (quoting *Jourdan*, 951 F.2d at 110); *Harmon*, 110 F.3d at 368 (upholding dismissal for contumacious conduct where the dismissal occurred a year after the defendant served the plaintiff with its original discovery requests and the plaintiff failed to comply with the district court's subsequent order compelling discovery); *Rogers v. City of Warren*, 302 F. App'x 371, 378-79 (6th Cir. 2008) (recognizing that, in light of plaintiff's repeated failures to comply with court orders, dismissal is an appropriate sanction).

The Court finds, upon consideration of all four factors, that dismissal with prejudice is justified in this case.

### B.     Whether the Court Should Award MEC Its Reasonable Costs and Attorney Fees in Bringing this Motion

MEC argues that the Court should consider awarding MEC its reasonable costs and attorney fees incurred in bringing this motion. MEC contends that it made a good faith effort to resolve the discovery disputes without court intervention, but

those attempts have been "first ignored, and now met with derision, condescension, and threats." (ECF No. 54, MEC Mot. PageID.1126-27.) MEC argues that O'dell has openly defied multiple Court orders, and demonstrated compete disinterest in participating in good faith in the discovery process in this litigation, which she initiated, causing MEC to incur thousands of dollars in motion practice and now file its third motion related to O'dell's discovery abuses. (*Id.*) MEC does not state the amount of sanctions it seeks.

O'dell failed to respond to this argument. (See ECF No. 56, O'dell Resp.)

Pursuant to Fed. R. Civ. P. 37(a)(5)(A), if the Court grants a motion to compel or responsive discovery is served following the filing of the motion, the Court "must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." "The award of costs is the norm, rather than the exception." *Martinez v. Blue Star Farms, Inc.*, 325 F.R.D. 212, 220 (W.D. Mich. 2018). However, the court "must not order the payment if … the opposing party's nondisclosure, response, or objection was substantially justified [or] … other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). Opposition to discovery is "substantially justified" if "reasonable people could differ

19

as to the appropriateness of the ... action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The losing party has the burden of persuasion that an award of costs is not justified. *See* 8B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2288 (3d ed. 2020); *Martinez*, 325 F.R.D. at 220.

Here, the Court is granting MEC's motion to dismiss pursuant to Fed. R. Civ. P. 37 and 41. MEC requested costs and attorney fees in its motion pursuant to Fed. R. Civ. P. 37(a)(5)(A), and O'dell chose not to respond to this request. The Court finds that O'dell has failed to demonstrate that her opposition to discovery was "substantially justified," or that an award of costs would be unjust, and thus GRANTS MEC's request for its costs and attorney fees incurred in filing the instant motion to dismiss. Fed. R. Civ. P. 37(a)(5)(A). The only remaining issue is the amount sought.

The Court orders MEC to file a bill of costs and account for its reasonable expenses, including attorney fees, incurred in the filing of this motion to dismiss. MEC's bill of costs must be filed on or before **June 30, 2022**. O'dell may file a response to MEC's calculations of costs, with such response due on or before **July 14, 2022.**

20

## IV.  CONCLUSION

For all the reasons discussed above, the Court **GRANTS** Defendant MEC's Motion to Dismiss (ECF No. 54) and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

The Court also **GRANTS** MEC's request pursuant to Fed. R. Civ. P. 37(a)(5)(A) for its reasonable costs, including attorney fees, incurred in bringing the instant motion to dismiss. MEC's bill of costs must be filed on or before **June 30, 2022**. O'dell may file a response to MEC's calculations of costs, with such response due on or before **July 14, 2022.**

IT IS SO ORDERED.

s/Paul D. Borman
Dated: June 17, 2022                          Paul D. Borman
                                                           United States District Judge

21